NORTHERN PAC. RY. CO. v. PUBLIC SERVICE COMMISSION OF OREGON.

No. 9065.

District Court, D. Oregon.

July 21, 1930.

Carey & Kerr and Chas. A. Hart, all of Portland, Or., L. B. Da Ponte, of Seattle, Wash., and T. H. Maguire, of Portland, Or., for plaintiff.

I. H. Van Winkle, Atty. Gen. of Oregon, for defendant.

BEAN, District Judge.

This is a suit to enjoin the enforcement of an order of the defendant, Public Service Commission, purporting to impose an obligation on plaintiff to pay $5,000 on account of the elimination or abandonment of certain highway crossings over the plaintiff's railway track in Umatilla county.

The facts are that some time in 1928 the county of Umatilla, without first obtaining permission of the Public Service Commission, began the relocation and construction of a public highway by which the use of sundry crossings over plaintiff's railway tracks would be avoided or discontinued.

On March 22, 1929, after the road had been located and the work of construction was nearing completion, the county filed a petition with the defendant commission, in

which it represented that it was engaged in "locating, constructing, relocating and changing" the highway, and that it was the desire of the county to have one of the former crossings changed from a public to a private crossing, another moved a short distance, and others eliminated, and praying that the changes and eliminations of the crossings be authorized and the cost thereof apportioned between the county and the railroad company.

The matter came on for hearing before the commission on September 19, 1929, when the plaintiff moved to dismiss the proceedings on the ground that the commission was without jurisdiction, since the work on the highway had been fully completed by May 1, 1929, and had been done, and the expense thereof incurred without a hearing before the commission and its permission obtained. The motion was overruled and evidence taken, resulting in a finding by the commission that the entire cost of relocating and constructing the highway was $27,500, of which sum $10,000 "is a reasonable amount assessed as the cost of elimination of railroad crossings," and an order that half thereof should be paid by the plaintiff. Hence this suit.

I am of the opinion that the plaintiff is entitled to the relief prayed for. The Oregon statutes, sections 5894–5896, as amended (Laws of 1927, p. 385), provided that no highway shall hereafter be constructed across the track of any railroad without permission of the Public Service Commission, and that, if such permission is granted, the commission shall, "after a hearing," provide the terms and conditions upon which the crossing shall be made. The commission is also given power, "after a hearing," to alter or abolish any grade crossing, or change the location thereof if, in its opinion, "the public safety requires," and it shall provide the terms upon which such separation, alteration, or change shall be made.

It is also given power, "after a hearing," upon the petition of any county, etc., to eliminate a grade crossing by the relocating of a highway, when in its opinion "the public safety requires," and that portion of the expense of such alteration or change which is directly chargeable to the grade elimination shall be divided between the company and the county.

Section 5898 provides that all work done under provisions of this act within the limits of a railroad right of way shall, if the railway company so desires, be furnished and done by the company under the supervision of the commission.

Now the Public Service Commission is a tribunal of limited jurisdiction. Its authority must affirmatively appear from the law creating it and defining its powers. Railroad Com'rs v. Oregon R. & N. Co., 17 Or. 65, 19 P. 702, 2 L. R. A. 195; Backus-Brooks Co. v. N. P. Ry. Co. (C. C. A.) 21 F.(2d) 4. The authority of the commission over railroad crossings is, according to the statute, to be exercised "after a hearing," thus clearly implying that interested parties shall be given an opportunity to be heard before the alteration or elimination is authorized or required, whether in a direct proceeding for that purpose or as a result of the relocation of a highway. The jurisdiction of the commission to apportion costs of the alteration or elimination of a grade crossing is incident to the power conferred to require or authorize such elimination, and this is to be done "after a hearing." No issue as to the elimination of crossings or the relocation of a highway existed at the time of the hearing before the commission. The county had, on its own initiative, voluntarily and without permission of the commission relocated and reconstructed the highway, changed the location of one of the crossings, avoided or discontinued the use of others, all in accordance with its own plans and specifications. Clearly the commission could not authorize that which had already been done, and the statute does not vest it with the broad equitable power to compel the plaintiff, by merely ratifying the action of the county, to pay a portion of the expense of the elimination of the crossings incident to the relocation of the highway, done and incurred without the permission of the commission, and without affording the railway company an opportunity for a hearing on the question of the necessity or advisability thereof, and other pertinent questions.

Decree may be prepared accordingly.